**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Phillip Price, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-0373-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| JPMorgan Chase Bank N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Pending before the Court is the Motion to Remand, (ECF No. 9), filed by Plaintiff Phillip Price ("Plaintiff"). Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a response in opposition, (ECF No. 18), and Plaintiff filed a reply, (ECF No. 20).

## I. BACKGROUND

On October 9, 2015, Plaintiff filed this action in Clark County District Court naming Chase and MTC Financial Inc. ("MTC") as defendants. (Compl., ECF No. 1-2). On February 23, 2016, Chase filed a Petition for Removal in this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Removal, ECF No. 1). Plaintiff has moved to remand the case to Clark County District Court, arguing that Chase failed to join all defendants in the removal.

## II. LEGAL STANDARD

Remand is governed by 28 U.S.C. § 1447(c) which provides, in pertinent part, that

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001); *Allen v. Wells Fargo Bank NA*, No. 14-cv-8176-PCT-DLR, 2014 WL 11497805, at *1 (D. Ariz. Nov. 14, 2014).

### III. DISCUSSION

28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served . . . join in or consent to the removal of the action."  However, a named defendant that a plaintiff has not served need not join in a notice of removal. *Salveson v. W. States Bankcard Ass'ns*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded by statute on other grounds as recognized in Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988).

Chase and MTC were both served on February 3, 2016. *See* (Pet. for Removal 2:2, ECF No. 1); (Affidavit of Service, ECF No. 18-1).  Chase filed its Petition for Removal on February 23, 2016.  Prior to removing the action to this Court, Chase did not attempt to obtain MTC's consent to the removal.  Additionally, in regard to other named defendants, Chase's Petition for Removal states only: "Chase is not aware of any other defendants appearing in this action." (Pet. for Rem. 2:3).

In the instant Motion, Plaintiff argues that this action should be remanded because Chase failed to secure MTC's consent prior to the removal.  Chase argues that MTC was not required to join in or consent to removal because it did not know that MTC had been served before it filed the Petition for Removal.  Chase essentially contends that it believed that MTC had not been served because no proof of service had been filed in state court, and therefore it should be

excused from obtaining MTC's timely consent for removal. Chase cites no authority supporting its argument.

The Court notes that there is conflicting authority concerning the extent of a removing defendant's obligation to ascertain whether a non-removing defendant has been served at the time the notice of removal is filed. "Some district courts have held that the 'due diligence' required by a removing defendant is not satisfied by merely checking if proofs of service have been filed on the state court docket," while "[o]ther district courts have found to the contrary, holding that defendants exercise reasonable diligence by checking the docket for filed proofs of service prior to filing a removal notice." *AGI Publishing, Inc. v. HR Staffing, Inc.*, No. 1:12-cv-0879-AWI-SKO, 2012 WL 3260519, at *4 (E.D. Cal. Aug. 8, 2012). Here, Chase does not contend that it made any effort beyond checking the state court docket for notice of service—for example, it does not assert that it attempted to contact MTC or Plaintiff to inquire whether service had been made. However, the Court need not decide whether Chase engaged in due diligence because there is another significant flaw in its Petition for Removal.

Chase failed to affirmatively allege and explain the absence of its co-defendant in the Petition for Removal, which itself constitutes a procedural defect that subjects the action to remand. When fewer than all defendants have joined in the removal, "the removing party has the burden under § 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize*, 167 F.3d. at 1266. Absent such explanation, the removal is "facially defective" and, if the deficiency is not cured within the thirty-day statutory period permitted for joinder, then removal is improper and remand is appropriate. *Id*.

In its Petition for Removal, Chase did not mention the rule of unanimity or explain the absence of MTC. Thus, the petition "plainly and simply" fails to meet the requirements of 28 U.S.C. § 1446(a). *Parking Concepts, Inc. v. RSUI Group, Inc.*, No. 09-cv-5143-PSG-AJWx, 2009 WL 2973118, at *3 (C.D. Cal. Sept. 11, 2009) ("The instant notice of removal suffers

from an even more glaring deficiency than did the notice of removal in *Prize Frize*. In *Prize Frize*, the removing defendants included some sort of explanation as to why they failed to obtain the consent of other defendants. Here, by contrast, there is no mention whatsoever of the rule of unanimity or [the removing defendant's] attempts to comply with it."). Chase has not presented any reasons why it should be excused from failing to comply with the requirements of 28 U.S.C. § 1446, as explained in *Prize Frize*, and the removal petition's deficiency remained uncured past the thirty-day statutory period. Accordingly, the Court is bound by the law of this circuit to remand the matter to state court. *Prize Frize*, 167 F.3d at 1266.[1]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the pending Motion to Remand, (ECF No. 9), is **GRANTED**. The Clerk is instructed to close the case.

**DATED** this __18__ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] Chase also argues that it did not need to obtain the consent of MTC prior to the removal because MTC is either a nominal or fraudulently joined defendant. (Resp. 7:19-10:20). However, even if MTC's consent was ultimately unnecessary for effective removal, Chase nonetheless was required to affirmatively set forth this assertion within its Petition for Removal. *See, e.g.*, *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1267-68 (D. Or. 2001) ("The removing party must affirmatively explain the absence of any co-defendants in the notice of removal. . . . The requirement applies to *all* co-defendants, even those who are exempted from joinder because they were not served or were fraudulently joined."). Thus Chase's arguments regarding MTC's status as a nominal or fraudulently joined defendant are unavailing.